UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELMA MOY,

                Plaintiff,

v.

NAPOLI SHKOLNIK, PLLC, et al.,

                Defendants.

23 Civ. 3788 (DEH)

**MEMORANDUM OPINION
AND ORDER**

---

DALE E. HO, United States District Judge:

    Plaintiff Selma Moy ("Moy" or "Plaintiff") brings this employment discrimination action against her former employer, Defendant Napoli Shkolnik, PLLC ("Napoli Shkolnik" or "the firm"), and various individuals who worked at the firm. On July 22, 2024, this Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. Op. & Order (the "MtD Opinion"), ECF No. 32. Specifically, the Court dismissed Moy's hostile work environment claims under 42 U.S.C. § 1981, and her claims against Individual Defendants Gloria Werle and Salvatore C. Badala, but permitted her to pursue her remaining claims, including discrimination and retaliation claims under various federal and New York State and City laws, against the firm and the remaining Individual Defendants, Paul Napoli and Marie Napoli. Familiarity with that Opinion, and the allegations in this case as described therein, is presumed.

    Currently before the Court is Defendants' motion for summary judgment pursuant to Rule 56.[1] Defs.' Mot. for Summ. J., ECF No. 47. For reasons stated below, the motion is **GRANTED**.

---

[1] Unless otherwise noted, all references to "Rules" in this opinion refer to the Federal Rules of Civil Procedure.

**BACKGROUND**

Because Defendants' motion and, thus, the Court's decision, turn on procedural issues rather than the evidentiary record in this case, the Court recounts the case's procedural history here.

On July 22, 2024, the Court ruled on Defendants' Motion to Dismiss. *See* MtD Opinion. On August 26, 2024, the Court issued a Civil Case Management Plan and Scheduling Order, under which initial disclosures were due on September 30, 2024, fact discovery would be completed on January 31, 2025, and expert discovery would be completed on March 17, 2025. *See* ECF No. 38 at 2-3. "The parties were on notice, under both Rule 16(b)(4) of the Federal Rules of Civil Procedure and [this Court's] Individual Rule 2(e), that it was unlikely that a request to extend this deadline would be granted, and that no extension would be granted unless a request was made at least two business days before the deadline." Statement of Material Facts ("SMF"), ECF No. 51, ¶ 5.[2]

On December 6, 2024, Defendants served various discovery requests on Plaintiff. *See* Pl.'s Letter Motion to Extend Discovery, ECF No. 43. Then, on the last day of fact discovery, January 31, 2025, and in violation of this Court's Rule 2(e) (requiring requests for extensions be made two business days in advance of a deadline), Plaintiff filed a letter motion to extend the period of time to complete discovery for 60 days. *See id.* The letter stated Plaintiff's counsel "ha[d] not yet responded to Defendants' demands" and that "the parties [had] not engaged in depositions," "[d]ue to trial preparation and trial on three separate cases and the undersigned being on a religious conference for much of this week," but that they "plan[ned] to respond [to Defendants' discovery requests] within the next week." *Id.* Because (1) Plaintiff had not shown diligence in the taking

---

[2] References to the parties' Statement of Material Facts are to undisputed facts, unless otherwise noted.

of discovery, and (2) the request was untimely filed without any explanation, the Court denied Plaintiff's request for an extension. *See* ECF No. 46.

The deadline for fact discovery passed with Plaintiff not responding to the Defendants' interrogatories and requests for production of documents served on Dec. 6, 2024, which, among other things, requested that Plaintiff identify all witnesses and documents she might use to support her claims, and to provide information on what she herself would testify to, if called as a witness. SMF ¶ 6; Rogers Decl. ¶ 17, ECF No. 50. Plaintiff purports to dispute this fact, citing her Initial Disclosures, which are dated February 7, 2025, *see id.*—which is more than four months after the deadline for Initial Disclosures and one week after the close of fact discovery as set forth in the Case Management Plan. *See* ECF No. 38 at 2.

Defendants' motion for summary judgment was filed on February 4, 2025. *See* ECF No. 47. Plaintiff's opposition was due on March 10, 2025; it was untimely filed two weeks late on March 24, 2025, with no request for an extension of time. *See* ECF No. 52. Instead, in a joint status letter filed two days later on March 26, 2025, Plaintiff's counsel represented that the opposition was untimely filed "[d]ue to a calendaring and scheduling error." Joint Status Report, March 26, 2025, ECF No. 53.

## LEGAL STANDARD

Summary judgment is appropriate when a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[3] "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir.

---

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

2020). A defendant moving for summary judgment can meet its burden not only by submitting its own evidence that indisputably negates one more critical elements of the plaintiff's case; the defendant can also do so "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A party opposing summary judgment must establish a genuine issue of fact by citing to particular parts of materials in the record. *See* Fed. R. Civ. P. 56(c)(1)(A). "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017). In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021).

## DISCUSSION

Here, because Plaintiff did not participate in the discovery process in any way while fact discovery was open in this case, there is no evidence in the discovery record supporting any element of her claims. Prior to the close of the five-month fact discovery period, Plaintiff did not submit initial disclosures under Rule 26(a)(1), and she did not respond to any of Defendants' discovery requests asking her to identity evidence on various elements of her claims and to identify and produce documents in support of those claims. *See* Defs.' Mem. Supp. Summ. J. at 7, ECF No. 49. Plaintiff did not even object to these requests; rather, she waited until the last day of fact

discovery to submit an untimely request to extend the discovery deadline for 60 days, and then, after that request was denied and fact discovery closed, purported to serve initial disclosures on Defendants. *See id.* at 7-8. There would be little point in holding a trial now, as there is literally no admissible evidence that Plaintiff could rely on. Because "there is an absence of evidence to support the nonmoving party's case," summary judgment is appropriate. *Celotex*, 477 U.S. at 325.

In her opposition, Plaintiff refers to declarations, emails, and documents that she says constitute evidence in support of her claims. *See* Pl.'s Mem. Opp'n Summ. J. at 7, ECF No. 52. But none of these materials were disclosed during the fact discovery period. Nor, for that matter, were the identities "of 17 potential witnesses, noninclusive of the original parties in this matter," whom Plaintiff now identifies. *See id.* at 2. This unexplainedly belated proffer comes far too late to cure Plaintiff's failure to prosecute her case during the fact discovery period.

While fact discovery was open, she failed to meet even her minimum obligation of submitting initial disclosures, and failed to respond to Defendants' discovery requests. She offers no reason why she failed to do so, nor any reason why she did not seek an extension of the fact discovery period in a timely manner. Indeed, she did not even file an opposition to the summary judgment motion on time, did not offer good cause for her failure to do so, and never even requested an extension of time to file her opposition. "[A] summary judgment motion may be granted by default if the facts justify a dismissal for failure to prosecute." *Lediju v. N.Y.C. Dep't of Sanitation*, 173 F.R.D. 105, 110 (S.D.N.Y. 1997) (dismissing employment discrimination claim where *pro se* plaintiff failed to prosecute). To be sure, the plaintiff's conduct in *Lediju* was even more problematic than was the conduct here, insofar as he took no steps to advance the litigation over a period of seventeen months. *See id.* But the *Lediju* plaintiff was *pro se*; here, the Plaintiff is represented by counsel and does not receive the same special solicitude afforded *pro se* litigants.

5

And courts in this District have granted summary judgment motions where plaintiffs have failed to participate in discovery and/or did not timely oppose the motion. *See, e.g.*, *Stoute v. Rockefeller Found.*, 93 Civ. 2628, 1995 WL 708690 (S.D.N.Y. Nov. 30, 1995) (dismissing plaintiff's complaint for failure to prosecute where plaintiff failed to submit opposition papers to defendant's summary judgment motion and also failed to conduct discovery).

When deciding whether to dismiss for failure to prosecute, a court must consider several factors, including whether: (1) plaintiff's failure to prosecute his case has caused significant delay; (2) plaintiff was given notice that any further delay would result in dismissal; (3) defendants are likely to be prejudiced by further delay; (4) the need to conserve judicial resources is carefully and properly balanced against plaintiff's entitlement to her day in court; and (5) lesser sanctions would be effective. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

The Court concludes that the balance of these factors weighs in favor of dismissal. First, there has been significant delay; the entire five-month fact discovery period elapsed with zero progress. To allow the case to proceed on the basis of Plaintiff's belated proffers would require re-opening discovery and starting all over again from the beginning. This factor clearly weighs in favor of dismissal. Second, as to notice, Plaintiff did not receive a warning that dismissal of her case might result from failure to comply with the Case Management Plan and Scheduling Order in this case, and so this factor leans against dismissal. Still, "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991). Third, as to prejudice, having to re-start fact discovery after the period for it has long ended is quite unreasonable, and "presumptively prejudices the defendants." *Teelucksingh v. Bishop Ford Cent. Cath. High Sch.*, No. 12 Civ. 3214, 2014 WL 4699699, at *6 (E.D.N.Y. Sept. 22, 2014) (internal quotation marks omitted). Fourth,

judicial economy would not be served by re-starting this case in light of Plaintiff's repeated failures, without adequate explanation, to comply with basic deadlines. And fifth, "[a]ny lesser sanction than dismissal with prejudice would require defendants to begin again, and expend, once again, the significant effort and resources to defend this case anew." *Id.* In sum, the balance of factors weighs in favor of dismissal for failure to prosecute.

Accordingly, because Plaintiff has failed to prosecute her case during the discovery period, and because there is no timely-disclosed record evidence to support her claims, summary judgment for Defendants is appropriate.

## CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment is **GRANTED**. The Clerk of Court is respectfully requested to terminate ECF No. 47 and to close this case.

SO ORDERED.

Dated: September 30, 2025
   New York, New York

                     DALE E. HO
                 United States District Judge